### HOUGHTON v. TEXAS STATE LIFE INS. CO. et al.

No. 11927.

Circuit Court of Appeals, Fifth Circuit.

March 1, 1948.

Rehearing Denied April 15, 1948.

HUTCHESON, Circuit Judge, dissenting.

William Cantrell, Jr., Asst. U. S. Atty., of Dallas, Tex., and Frank B. Potter, U. S. Atty., of Fort Worth, Tex., for appellant.

Ross Carlton, of Dallas, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

On June 21, 1946, Sebe J. Houghton, Jr., lately discharged from military service of the United States with a proper certificate, complained in the district court against Texas State Life Insurance Company asking that the Company be required to restore him to the positions he held in its employ as Director and President when he was called into the military service on April 23, 1942, or to a position of like seniority, status, and pay, and that he have judgment for his loss of wages suffered by reason of the Company's refusal. The Company's answer admitted most of the allegations, and set up that it was impossible or unreasonable to make the restoration because of certain changes in its circumstances, and that for stated reasons he was not now able and qualified to perform the duties of the position sought, and the Board of Directors has so voted; and also that he was not qualified under the law to be President, not being a director. Evidence was given on the hearing by Houghton and by the Actuary of the Company, which is in no material conflict, and there were introduced Houghton's written application to the annual stockholders meeting on March 12, 1946; and also the resolution of the Board of Directors, on April 15, 1946, in which, because of the Company's changed circumstances, they declined to restore him to the Presidency, but offered to pay a full year's salary for the year which had begun March, 1942, if he would withdraw his present application; but if not, declaring they would defend in court against his application for reinstatement as President. The court's opinion found as facts that Houghton was a Director and President of the Company at an annual salary of $4,800 when ordered into the service in April, 1942, that he continued in the service till Dec. 15, 1945, when he obtained a certificate of completion of duty; that he made in due time the application above described and was refused, and that he refused the offer of a year's salary; that Vice-President Smith acted as President till the meeting of the stockholders in March, 1943, and was elected President then. It was also found that Houghton while President had controversies with the Insurance Commissioner of Texas, and there had been serious differences between him and the stockholders and the Board of Directors; but the court expressly left out of consideration these matters and held that because the position was not a simple employment, but an elective position that must be filled by election under the charter of the corporation and the insurance laws of the State, the court had no authority to interfere and that judgment must go for the defendant. We do not think so.

The pertinent words of Section 8 of the Selective Service Act, as amended, 50 U.S.C.A.Appendix, § 308, are quoted in the margin.* They are, as the district court said, to be liberally construed in the veteran's favor. The service which Houghton left to go into service was "a position, other than a temporary position, in the em-

---

* 50 U.S.C.A.Appendix, § 308(b), "In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service * * * (B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

ploy of an employer." Being merely a director of a corporation, or its president without special duties or compensation, would probably not be such, but the evidence plainly shows, though the by-laws and charter which must have fixed duties and compensation were not introduced in evidence, that Houghton had executive and managerial duties, and was paid a salary of $4,800 per year. His employment was not temporary, though limited in time to one year, and continuance thereafter was conditioned on reelection. The job itself was a permanent one and is still in existence. So far as the laws of Texas have a bearing, they provide that "The affairs of any insurance company organized under the laws of this State shall be managed by not fewer than seven directors, all of whom shall be stockholders in the company" (Vernon's Civil Statutes Art. 4708), and "The directors shall choose by ballot from their own number a president and such other officers as the by-laws require, who shall perform such duties, receive such compensation and give such security as the by-laws may require" (Art. 4711), and "The directors may establish such by-laws and regulations, not inconsistent with law, as shall appear to them necessary for regulating and conducting the business of the company" (Art. 4712). Houghton was and is a stockholder. The stockholders in meeting on March 12, 1946, could have elected him as one of their fourteen directors. The directors could, the matter having been passed on to them, have demoted Smith to vice-president and given Houghton precisely his old position and pay in obedience to the federal Act. There was therefore no impossibility involved, or general impropriety in doing so. That the stockholders and directors did not approve his prior management and policies would not interfere because the Board of Directors could control them, or even change the duties and authority of the president; and under the federal Act they had the option to refuse him the presidency or vice-presidency, and to give him instead some other position of like status and pay, seniority not being involved in such matters. It is true that Houghton asked only to be restored to the presidency, and not to some other position, but we think that when the employer thinks exact restoration impossible or unreasonable it is his duty to consider and offer another like position instead of making a bald refusal.

Impossibility does not appear in this case. Unreasonableness because of changed circumstances has not been found by the district court, nor has any proof been offered as to another like position, which also is within the complainant's prayers.

■ The presidency, however, was limited to a year, and presumably a like position would be so limited, too. The year is gone and cannot be recalled. But at least the loss of wages during that year can be made good. So far as the evidence has gone the loss was complete. If no better total defense can be shown than has been, the year's salary at least should be paid.

The judgment is reversed and set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

I cannot agree with the view of the majority that the judgment should be reversed. Read as a whole, the record leaves me in no doubt that appellant is not within the spirit of the statute he invokes, "[a] person who * * * has left * * * a position * * * in the employ of any employer." If, as the majority opinion holds, he is within its letter, I think that the statute should have not a literal, but a liberal, reading to effectuate its real purpose and intent. Further, if appellant is such a person, the record leaves me in no doubt that the employer's circumstances have so changed as to make it unreasonable for it to be compelled, under the circumstances the record discloses, to make him president again. I agree that if appellant is entitled to compulsory re-election, he can compel it for no more than one year. The statute provides that "* * * such person * * * shall not be discharged from such position without cause within one year after such restoration." If, therefore, I could agree that appellant was entitled to an enforced re-election as president, I should agree with the majority that the amount the company

offered to pay him, one year's salary, ought to be the measure of his recovery for the company's refusal to elect him.

I respectfully dissent.

Rehearing denied; HUTCHESON, Circuit Judge, dissenting.